*W. H. Wadsworth, S. J. Pugh, for appellee.*

---

## W. H. WALL *v.* L. W. GATES.

**Release of Attachment—Estoppel.**

Where property is attached by a landlord for rent, and on its return the tenant executes a bond to perform the judgment of the court and thereby secures the discharge of the attachment and lien on the property seized, he will not thereafter be heard to say there was no affidavit on which to base the attachment.

APPEAL FROM McLEAN CIRCUIT COURT.

February 19, 1879.

OPINION BY JUDGE HINES:

It is immaterial whether the attachment issued in this case is in form such as should have been issued under the general statutes for

the security of rent, or whether it is general in form as prescribed in Myers' Code. The proceeding was to secure the payment of rent out of the property on which appellee had a lien. Bond was executed by appellee, attachment issued and levied on the property to which the landlord's lien attached, and on the return of the attachment appellant executed bond to perform the judgment of the court, and thereby had the attachment discharged and lien of appellee on the property seized released. Appellant will not now be heard to say there was no affidavit on which to base the attachment. The attachment in itself was sufficient to justify the officer in seizing the property, and whatever process would thus protect the officer is sufficient to support the bond. Outside of the question as to the mere form of the bond given by appellee, which might well be said under the decisions to preclude any inquiry in the grounds for attachment, on the broader doctrine of estoppel, appellant should not be heard to complain. By the deliberate act of executing the bond and discharging the attachment he has deprived appellee of a lien that existed upon the property, independent of that acquired by virtue of the issuing and the levying of the attachment.

Wherefore the judgment is *affirmed*.

*Johnson & Robinson, for appellant. L. W. Gates, for appellee.*